IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., GLOBAL BLOOD THERAPEUTICS, INC. and PF PRISM IMB B.V., <br><br>  Plaintiffs, <br><br>  v. <br><br> ZYDUS LIFESCIENCES LTD., ZYDUS WORLDWIDE DMCC and ZYDUS PHARMACEUTICALS (USA) INC., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 24-316 (JPM) |

## FIRST AMENDED COMPLAINT

Plaintiffs Pfizer Inc. ("Pfizer"), Global Blood Therapeutics, Inc. ("GBT"), and PF PRISM IMB B.V. ("PF PRISM") (collectively, "Plaintiffs"), by their undersigned attorneys, for their First Amended Complaint against defendants Zydus Lifesciences Ltd. ("Zydus Lifesciences"), Zydus Worldwide DMCC ("Zydus Worldwide"), and Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") (collectively, "Zydus" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising from Zydus's submission of Abbreviated New Drug Application ("ANDA") Nos. 219190 and 219192 to the United States Food and Drug Administration ("FDA"), seeking approval to market generic versions of Plaintiffs' OXBRYTA® (voxelotor) tablets and OXBRYTA® (voxelotor) tablets for oral suspension, respectively, before the expiration of U.S. Patent Nos. 9,447,071 ("the '071 patent") and 11,020,382 ("the '382 patent") (collectively, "the patents-in-suit").

**THE PARTIES**

2. Plaintiff Pfizer is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

3. Plaintiff GBT is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 181 Oyster Point Blvd, South San Francisco, CA 94080. GBT is a wholly owned subsidiary of Pfizer.

4. Plaintiff PF PRISM is a private limited liability company (*besloten venootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJessel, the Netherlands. Pfizer is the ultimate parent of PF PRISM.

5. Upon information and belief, Defendant Zydus Lifesciences is a company organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad, Gujarat 382481, India.

6. Upon information and belief, Defendant Zydus Worldwide is a company organized and existing under the laws of United Arab Emirates, having a principal place of business at Unit No. 908, Armada Tower 2, Plot No. JLT-PH2-P2A, Jumeriah Lakes Tower, P.O. Box 113536, Dubai, United Arab Emirates.

7. Upon information and belief, Zydus Worldwide is a wholly-owned subsidiary of Zydus Lifesciences.

8. Upon information and belief, Defendant Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

9.  Upon information and belief, Zydus USA is a wholly-owned subsidiary of Zydus Lifesciences.

10. Upon information and belief, Zydus Worldwide and Zydus USA are generic pharmaceutical companies that, in coordination with each other and Zydus Lifesciences, or at the direction of Zydus Lifesciences, develop, manufacture, market, and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## THE PATENTS-IN-SUIT

11. On September 20, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '071 patent, entitled "Crystalline Polymorphs of the Free Base of 2-Hydroxy-6-((2- (1-isopropyl-1H-pyrazol-5-yl)-pyridin-3-yl)methoxy)benzaldehyde." The '071 patent is assigned to GBT. PF PRISM is the exclusive licensee of the '071 patent. A copy of the '071 patent is attached to this First Amended Complaint as Exhibit A.

12. On June 1, 2021, the USPTO duly and legally issued the '382 patent, entitled "Dosing Regimens for 2-Hydroxy-6-((2- (1-isopropyl-1H-pyrazol-5-yl)-pyridin-3-yl)methoxy)benzaldehyde." The '382 patent is assigned to GBT. PF PRISM is the exclusive licensee of the '382 patent. A copy of the '382 patent is attached to this First Amended Complaint as Exhibit B.

## OXBRYTA®

13. GBT holds approved New Drug Application No. 213137 for voxelotor tablets (trade name OXBRYTA®) for the treatment of sickle cell disease in adults and pediatric patients 4 years of age and older.

14. GBT holds approved New Drug Application No. 216157 for voxelotor tablets for oral suspension (trade name OXBRYTA®) for the treatment of sickle cell disease in adults and pediatric patients 4 years of age and older.

3

15. Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to OXBRYTA®.

## THE ZYDUS ANDAs

16. Upon information and belief, Zydus Worldwide prepared and submitted, through Zydus USA, ANDA Nos. 219190 and 219192 (the "Zydus ANDAs") to the FDA in accordance with 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and/or sale of voxelotor tablets and voxelotor tablets for oral suspension ("Zydus's ANDA Products") before the expiration of the patents-in-suit.

17. Upon information and belief, Zydus Worldwide acted in concert with Zydus USA and Zydus Lifesciences, or at the direction of one or both, to prepare and submit the Zydus ANDAs.

18. Upon information and belief, Zydus's ANDA Products are generic copies of OXBRYTA®.

19. Upon information and belief, the Zydus ANDAs refer to and rely upon GBT's New Drug Application Nos. 213137 and 216157 and purport to contain data on the bioequivalence of Zydus's ANDA Products to OXBRYTA®.

20. By two letters to GBT and its parent company Pfizer, both dated January 23, 2024 ("Zydus's Paragraph IV Notice Letters"), Zydus stated that the Zydus ANDAs contained certifications, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that no valid and enforceable claim of the patents-in-suit will be infringed by the manufacture, use, or sale of Zydus's ANDA Products (the "Paragraph IV Certifications"). Zydus's Paragraph IV Notice Letters each included a statement purporting to allege the factual and legal bases for the Paragraph IV Certifications.

4

21. Upon information and belief, if the FDA approves the Zydus ANDAs, Zydus will manufacture, distribute, import, offer for sale, and/or sell Zydus's ANDA Products throughout the United States, including within the State of Delaware.

22. This action was filed within 45 days of GBT and Pfizer's receipt of Zydus's Paragraph IV Notice Letters.

## JURISDICTION AND VENUE

23. This case arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

24. This Court has personal jurisdiction over Zydus Worldwide because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Zydus Worldwide is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Zydus Worldwide directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware. By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Zydus Worldwide's contacts with Delaware have been systematic and continuous, and this judicial district is a likely destination of Zydus's ANDA Products.

25. Upon information and belief, Zydus Worldwide is the holder of the Zydus ANDAs.

26. This Court has personal jurisdiction over Zydus Lifesciences because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Zydus Lifesciences is in the business of manufacturing, marketing, importing, and selling

5

pharmaceutical drug products, including generic drug products.  Upon information and belief, Zydus Lifesciences directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware.  By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Zydus Lifesciences's contacts with Delaware have been systematic and continuous, and this judicial district is a likely destination of Zydus's ANDA Products.

27. Upon information and belief, Zydus Lifesciences acted in concert with or directed Zydus Worldwide and/or Zydus USA to prepare and submit the Zydus ANDAs, with the intention of receiving a significant financial benefit from the FDA's approval of the Zydus ANDAs.  *See, e.g.*, https://www.fda.gov/drugs/drug-master-files-dmfs/list-drug-master-files-dmfs (last accessed June 5, 2024) (indicating Zydus Lifesciences submitted a DMF for voxelotor, the active ingredient in OXBRYTA®, on April 8, 2023); ZYDUS LIFESCIENCES LTD. 2022-2023 ANNUAL REPORT, at 63, available at https://www.zyduslife.com/zyduslife/# (last accessed June 5, 2024) ("US business had a remarkable performance in FY2023, benefitting from the stable pricing environment, volume expansion in base portfolio and impact of new launches all through the year.  During the year, the US was the largest market for [Zydus Lifesciences], accounting for 44% of consolidated revenues."); ZYDUS LIFESCIENCES LTD. NOVEMBER 2023 INVESTOR PRESENTATION, at 3, available at https://www.zyduslife.com/zyduslife/# (last accessed June 5, 2024) ("Total revenues grew 9% YoY, led by US, EM& EU formulations and API businesses.").

28. This Court has personal jurisdiction over Zydus USA because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Zydus USA is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Zydus USA directly,

or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware. By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Zydus USA's contacts with Delaware have been systematic and continuous, and this judicial district is a likely destination of Zydus's ANDA Products.

29. Upon information and belief, Zydus USA acted in concert with Zydus Worldwide and Zydus Lifesciences, or at the direction of one or both, to prepare and submit the Zydus ANDAs, with the intention of receiving a significant financial benefit from marketing and distribution of Zydus's ANDA Products throughout the United States, including in Delaware. *See, e.g.*, ZYDUS LIFESCIENCES LTD. 2022-2023 ANNUAL REPORT, at 63, available at https://www.zyduslife.com/zyduslife/# (last accessed June 5, 2024) ("[Zydus Lifesciences]'s US operations are spearheaded by its wholly-owned subsidiary Zydus Pharmaceuticals USA Inc."); https://zydususa.com/ (last accessed June 5, 2024) ("Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences."); ZYDUS PHARMACEUTICALS (USA) INC. 2022-2023 FINANCIAL STATEMENT, at 6, available at https://zydususa.com/ (last accessed June 5, 2024) ("[Zydus USA] markets and distributes Generic and Authorized Generic pharmaceutical products in the United States of America. [Zydus USA] also markets and distributes products manufactured by third parties.").

30. Upon information and belief, Zydus Lifesciences, Zydus Worldwide, and Zydus USA have thus been, and continue to be, agents of each other and/or have operated in concert with respect to the drafting, submission, approval, and maintenance of the Zydus ANDAs.

31. Upon information and belief, Zydus Lifesciences, Zydus Worldwide, and Zydus USA are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Zydus's ANDA Products.

32. For these and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Zydus.

33. Venue is proper in this judicial district for Zydus USA under 28 U.S.C. § 1391 because, inter alia, Zydus USA is subject to personal jurisdiction in this judicial district and has previously not contested venue in this judicial district in numerous patent litigations. *See, e.g.*, *Par Pharms. Inc. v. Zydus Pharms. (USA) Inc.*, C.A. No. 23-866 (D. Del.); *Astellas Pharma Inc. v. Lupin Ltd.*, C.A. No. 23-819 (D. Del.); *Biogen Inc. v. Zydus Worldwide DMCC*, C.A. No. 23-732 (D. Del.); *Neurocrine Biosciences, Inc. v. Zydus Pharms. (USA) Inc.*, C.A. No. 23-266 (D. Del.); *Acadia Pharms. Inc. v. Zydus Pharms. (USA) Inc.*, C.A. No. 22-1386 (D. Del.).

34. Venue is proper in this Court for Zydus Lifesciences under 28 U.S.C. § 1391 because, upon information and belief, Zydus Lifesciences is not a resident of the United States and may thus be sued in any judicial district.

35. Venue is proper in this Court for Zydus Worldwide under 28 U.S.C. § 1391 because, upon information and belief, Zydus Worldwide is not a resident of the United States and may thus be sued in any judicial district.

## COUNT I
### (Infringement of the '071 Patent)

36. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

37. Defendants have infringed one or more claims of the '071 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining the Zydus ANDAs, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Zydus's ANDA Products before the expiration of the '071 patent.

38. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '071 patent would infringe one

or more claims of the '071 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

39. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '071 patent would induce and/or contribute to the infringement of one or more claims of the '071 patent under 35 U.S.C. §§ 271(b) and/or (c).

40. For example, claim 1 of the '071 patent recites:

> A crystalline ansolvate of Compound 1:
>
> [Chemical structure of Compound 1]
>
> wherein the crystalline ansolvate is characterized by at least one X-ray powder diffraction peak (Cu Kα radiation) selected from 13.37°, 14.37°, 19.95° and 23.92° 2θ (each ±0.2° 2θ).

41. Upon information and belief, Zydus's ANDA Products will contain a crystalline ansolvate of Compound 1 wherein the crystalline ansolvate is characterized by at least one X-ray powder diffraction peak (Cu Kα radiation) selected from 13.37°, 14.37°, 19.95°, and 23.92° 2θ (each ±0.2° 2θ).

42. Upon information and belief, Defendants have acted with full knowledge of the '071 patent and without a reasonable basis for believing that they would not be liable for infringement of the '071 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Products with its proposed labeling immediately and imminently upon approval of the Zydus ANDAs. Upon information

9

and belief, through such activities, Defendants specifically intend infringement of the '071 patent.

43. Upon information and belief, if the FDA approves the Zydus ANDAs, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '071 patent, and will do so immediately and imminently upon approval.

44. Upon information and belief, Defendants know that Zydus's ANDA Products are especially made or adapted for use in infringing the '071 patent, and that Zydus's ANDA Products are not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '071 patent immediately and imminently upon approval of the Zydus ANDAs.

45. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '071 patent.

46. Plaintiffs have no adequate remedy at law.

47. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
**(Declaratory Judgment of Infringement of the '071 Patent)**

48. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

49. There is a substantial and immediate controversy between Plaintiffs and Zydus concerning the '071 patent. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Zydus will infringe, actively induce infringement of, and/or contribute to the infringement of the '071 patent upon approval of the Zydus ANDAs.

50. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '071 patent would infringe one

or more claims of the '071 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

51.  Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '071 patent would induce and/or contribute to the infringement of one or more claims of the '071 patent under 35 U.S.C. §§ 271(b) and/or (c).

52.  For example, claim 1 of the '071 patent recites:

> A crystalline ansolvate of Compound 1:
>
> [Chemical structure of Compound 1]
>
> wherein the crystalline ansolvate is characterized by at least one X-ray powder diffraction peak (Cu Kα radiation) selected from 13.37°, 14.37°, 19.95° and 23.92° 2θ (each ±0.2° 2θ).

53.  Upon information and belief, Zydus's ANDA Products will contain a crystalline ansolvate of Compound 1 wherein the crystalline ansolvate is characterized by at least one X-ray powder diffraction peak (Cu Kα radiation) selected from 13.37°, 14.37°, 19.95°, and 23.92° 2θ (each ±0.2° 2θ).

54.  Upon information and belief, Defendants have acted with full knowledge of the '071 patent and without a reasonable basis for believing that they would not be liable for infringement of the '071 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Products with its proposed labeling immediately and imminently upon approval of the Zydus ANDAs. Upon information

and belief, through such activities, Defendants specifically intend infringement of the '071 patent.

55. Upon information and belief, if the FDA approves the Zydus ANDAs, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '071 patent, and will do so immediately and imminently upon approval.

56. Upon information and belief, Defendants know that Zydus's ANDA Products are especially made or adapted for use in infringing the '071 patent, and that Zydus's ANDA Products are not suitable for any substantial non-infringing use.  Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '071 patent immediately and imminently upon approval of the Zydus ANDAs.

57. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '071 patent.

58. Plaintiffs have no adequate remedy at law.

59. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

60. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Products with its proposed labeling will infringe the '071 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

## COUNT III
### (Infringement of the '382 Patent)

61. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

62. Defendants have infringed one or more claims of the '382 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining the Zydus ANDAs, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Zydus's ANDA Products before the expiration of the '382 patent.

63.     Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '382 patent would infringe one or more claims of the '382 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

64.     Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '382 patent would induce and/or contribute to the infringement of one or more claims of the '382 patent under 35 U.S.C. §§ 271(b) and/or (c).

65.     For example, claim 1 of the '382 patent recites:

> A method for treating sickle cell disease in a human patient in need thereof comprising administering to the patient Compound 1:
>
> [chemical structure of Compound 1]
>
> wherein Compound 1 is administered orally in a dose of about 1500 mg once daily; and Compound 1 is in a crystalline ansolvate form characterized by X-ray powder diffraction peaks (Cu Kα radiation) at 13.37°, 14.37°, 19.95° and 23.92° 2θ, each peak is ± 0.2° 2θ.

66.     Upon information and belief, following FDA approval of the Zydus ANDAs, Zydus's ANDA Products will be used in a method for treating sickle cell disease in a human patient in need thereof comprising administering to the patient Compound 1. Upon further information and belief, Compound 1 of Zydus's ANDA Products will be administered orally

13

in a dose of about 1500 mg once daily, and Compound 1 is in a crystalline ansolvate form characterized by X-ray powder diffraction peaks (Cu Kα radiation) at 13.37°, 14.37°, 19.95°, and 23.92° 2θ, each peak is ± 0.2° 2θ.

67. Upon information and belief, Defendants have acted with full knowledge of the '382 patent and without a reasonable basis for believing that they would not be liable for infringement of the '382 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Products with its proposed labeling immediately and imminently upon approval of the Zydus ANDAs. Upon information and belief, through such activities, Defendants specifically intend infringement of the '382 patent.

68. Upon information and belief, if the FDA approves the Zydus ANDAs, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '382 patent, and will do so immediately and imminently upon approval.

69. Upon information and belief, Defendants know that Zydus's ANDA Products are especially made or adapted for use in infringing the '382 patent, and that Zydus's ANDA Products are not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '382 patent immediately and imminently upon approval of the Zydus ANDAs.

70. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '382 patent.

71. Plaintiffs have no adequate remedy at law.

72. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
### (Declaratory Judgment of Infringement of the '382 Patent)

73. Plaintiffs reallege, and incorporate fully herein, each preceding paragraph.

74. There is a substantial and immediate controversy between Plaintiffs and Zydus concerning the '382 patent. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Zydus will infringe, actively induce infringement of, and/or contribute to the infringement of the '382 patent upon approval of the Zydus ANDAs.

75. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '382 patent would infringe one or more claims of the '382 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

76. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Zydus's ANDA Products within the United States, or importation of Zydus's ANDA Products into the United States, during the term of the '382 patent would induce and/or contribute to the infringement of one or more claims of the '382 patent under 35 U.S.C. §§ 271(b) and/or (c).

77. For example, claim 1 of the '382 patent recites:

> A method for treating sickle cell disease in a human patient in need thereof comprising administering to the patient Compound 1:



wherein Compound 1 is administered orally in a dose of about 1500 mg once daily; and Compound 1 is in a crystalline ansolvate form characterized by X-ray powder diffraction peaks (Cu Kα radiation) at 13.37°, 14.37°, 19.95° and 23.92° 2θ, each peak is ± 0.2° 2θ.

78. Upon information and belief, following FDA approval of the Zydus ANDAs, Zydus's ANDA Products will be used in a method for treating sickle cell disease in a human patient in need thereof comprising administering to the patient Compound 1.  Upon further information and belief, Compound 1 of Zydus's ANDA Products will be administered orally in a dose of about 1500 mg once daily, and Compound 1 is in a crystalline ansolvate form characterized by X-ray powder diffraction peaks (Cu Kα radiation) at 13.37°, 14.37°, 19.95°, and 23.92° 2θ, each peak is ± 0.2° 2θ.

79. Upon information and belief, Defendants have acted with full knowledge of the '382 patent and without a reasonable basis for believing that they would not be liable for infringement of the '382 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Products with its proposed labeling immediately and imminently upon approval of the Zydus ANDAs.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '382 patent.

80. Upon information and belief, if the FDA approves the Zydus ANDAs, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '382 patent, and will do so immediately and imminently upon approval.

81. Upon information and belief, Defendants know that Zydus's ANDA Products are especially made or adapted for use in infringing the '382 patent, and that Zydus's ANDA Products are not suitable for any substantial non-infringing use.  Upon information and belief,

Defendants plan and intend to, and will, contribute to infringement of the '382 patent immediately and imminently upon approval of the Zydus ANDAs.

82. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '382 patent.

83. Plaintiffs have no adequate remedy at law.

84. Plaintiff are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

85. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Zydus's ANDA Products with its proposed labeling will infringe the '382 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

86. The factual contentions in the preceding paragraphs have evidentiary support, or likely will have evidentiary support after a reasonable opportunity for further investigation or discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendants and respectfully request the following relief:

A. A judgment that Defendants have infringed the patents-in-suit pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA Nos. 219190 and 219192;

B. An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA Nos. 219190 and 219192 shall be a date not earlier than the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

C. A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zydus's ANDA Products will directly infringe, induce and/or contribute to infringement of the patents-in-suit;

D. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Zydus's ANDA Products within the United States, or importing Zydus's ANDA Products into the United States, before the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

E. If Defendants commercially manufacture, use, offer to sell, or sell the Zydus's ANDA Products within the United States, or import Zydus's ANDA Products into the United States, before the expiration of the patents-in-suit, including any extensions, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

F. A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

G. A judgment awarding Plaintiffs costs and expenses incurred in this action; and

H. Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dimitrios T. Drivas<br>Amit H. Thakore<br>Joel L. Broussard<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8200 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs Pfizer Inc.,*<br>*Global Blood Therapeutics, Inc., and*<br>*PF PRISM IMB B.V.* |

June 5, 2024